**United States Bankruptcy Court for the WESTERN DISTRICT OF LOUISIANA**
**Shreveport Division**

Debtor(s):     Taylor E. Shepherd

Case No.:      15-12300

Date:          December 18, 2015

Check if this is an
amended plan                    ☐

## Chapter 13 Plan

| Part 1: | Notice to Interested Parties |
|---|---|

Check all that apply: These plan provisions will only be effective if the applicable boxes are checked.

☐ *The plan sets out nonstandard provisions in Part 9b.*

☐ *This Plan limits the amount of secured claims in 3.1(d) and/or 3.2 based on a valuation of the collateral for the claim.*

☐ *This Plan avoids a security interest or lien in 3.1(c) and/or 3.4.*

☑ *This Plan cures or maintains a loan secured by the Debtor's principal residence in 3.1(a).*

☐ *This Plan provides for the treatment of a Domestic Support Obligation in 4.4 and/or 4.5.*

☑ *This plan includes a claim that was either: (1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s); or (2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.*

Important Notice:          **Your rights may be affected. Your claim may be reduced, modified, or eliminated.**

You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you must file a proof of claim --or one must be filed on your behalf --in order for you to be paid under any plan that may be confirmed.

| Part 2: | Plan Payments and Length of Plan |
|---|---|

**2.1 Debtor(s) will pay to the trustee** $3,944.00 Monthly for 48 months

**2.2 Payments to the trustee will be made from future earnings in the following manner:**
Debtor(s) will make payments pursuant to a payroll deduction order unless otherwise excused by the Chapter 13 Trustee or the Bankruptcy Court.

**2.3 Additional Payments to the trustee will be made as follows:**
On or before April 20 of the year following the filing of this case and each year thereafter, Debtor(s) will submit to the trustee a copy of the federal and state tax returns filed for the prior year as directed by the trustee.

Each Debtor may spend tax refunds up to $1,000.00 per year received during the plan term. Debtor(s) may spend tax refunds above $1000.00 per debtor with the permission of the Chapter 13 Trustee or Court. Refunds in excess of $1,000.00 may be the basis for plan modifications filed by the Chapter 13 Trustee.

☐ Other sources of funding, including the sale of property. Describe the source, amount, and date when available:

**2.4** The applicable commitment period is:

☑ 36 months, the debtor is below median income.

☐ 60 months, the debtor is above median income.

Debtor's shall make plan payments in the amount set forth in this Plan for no less than the applicable commitment period, but not to exceed 60 months. The dividend to be paid to unsecured creditors shall be no less than the dividend or sum set forth under 5.1.

## Part 3: Treatment of Secured Claims

**3.1**

☐ **None [If "None" is checked, the rest of § 3.1 need not be completed or reproduced]**

**3.1.a** Maintenance of conduit payments and cure of any default - Real Property

☐ **None [If "None" is checked, the rest of § 3.1.a need not be completed or reproduced]**
The debtor(s) will maintain the contractual installment payments and cure any default in payments on the secured claims listed below. The allowed claim for any arrearage amount will be paid under the plan, with interest, if any, at the rate stated. Unless otherwise ordered by the court, (1) the amounts listed on the proof of claim control over any contrary amounts listed below as to the current installment payment and arrearage, and (2) if relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, all payments under this plan as to that collateral will cease and all claims as to that collateral will no longer be treated by the plan.

If conduit mortgage payments are required or proposed by Debtor, then regular monthly mortgage payments on the mortgage claims set forth in Part 3.1.a, above, shall be disbursed by the Trustee beginning with the first calendar month after the Petition Date. Upon the filing of a Notice of Mortgage Payment Change, the Plan shall be deemed modified to permit the Trustee to disburse the new payment amount. The terms of Standing Order for Chapter 13 Trustee Procedures for Administration of Home Mortgage Payments adopted by the Court on January 30, 2015 (and as may be amended) are incorporated by reference.

| Name of Creditor | Collateral | Current Installment Payment (including escrow payment) | Estimated Amount of Arrearage | Average Monthly Plan Payments on Arrearage |
|---|---|---|---|---|
| Pennymac Loan Services | 6989 Emerald Bay Loop Shreveport, LA 71107 Caddo County | $1,575.00 | $7,675.00 | pro rata |
| | | Disbursed by: Trustee | | |

**3.1.b** Direct Mortgage Payments - Real Property

☑ **None [If "None" is checked, the rest of § 3.1.b need not be completed or reproduced]**

**3.1.c** Liens and/or Mortgages to be Paid as Unsecured Claims - Lien Strip

☑ **None [If "None" is checked, the rest of § 3.1.c need not be completed or reproduced]**

**3.1.d** Liens and/or Mortgages Which May Be Modified - Cram Down

☑ **None [If "None" is checked, the rest of § 3.1.d need not be completed or reproduced]**

**3.2** Request for valuation of security and claim modification of personal property pursuant to 11 U.S.C. §506

Unless otherwise ordered by the court, all vehicle payments in Part 3.2, 3.3 or 6.1 are to be disbursed by Trustee. If ongoing monthly lease or loan payments are to be maintained, disbursements shall begin with the first calendar month after the Petition Date.

☑ **None [If "None" is checked, the rest of § 3.2 need not be completed or reproduced]**

**3.3** Secured claims excluded from 11 U.S.C. § 506 - 910 Car Claim or 365 Personal Property

☐ **None [If "None" is checked, the rest of § 3.3 need not be completed or reproduced]**
The claims listed below were either:

(1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or

(2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

These claims will be paid in full under the plan with interest at the rate stated below. Unless otherwise ordered by the court, the claim amount listed on the proof of claim controls over any contrary amount of claim listed below.

| Name of Creditor | Collateral | Amount of Claim | Interest Rate | Monthly Plan Payments |
|---|---|---|---|---|
| Toyota Motor Credit | 2015 Lexus RX350 21,000 miles | $56,640.00 | 5.25% | $472.19 |
| | | | | Disbursed by: Trustee |

**3.4** Lien avoidance

☑ **None [If "None" is checked, the rest of § 3.4 need not be completed or reproduced]**

**3.5** Surrender of Collateral

☑ **None [If "None" is checked, the rest of § 3.5 need not be completed or reproduced]**

**3.6** Separately Classified Co-signed Secured Claims

☑ **None [If "None" is checked, the rest of § 3.6 need not be completed or reproduced]**

**Part 4:** **Treatment of Trustee's Fees and Administrative and Other Priority Claims**

**4.1** General

All allowed priority claims other than those treated in § 4.5 will be paid in full without interest, unless otherwise stated.

**4.2** Trustee fees shall be paid pursuant to 28 USC §586.

**4.3** Attorney's fees

| | | |
|---|---|---|
| Prepetition, the attorney for the debtor received: | $0.00 | |
| The balance of the fees owed to the attorney of the debtor(s) is: | $3,200.00 | |
| Attorney Fees shall be paid at a minimum payment of: | $1,581.29 | per month |
| Fees are limited to the appropriate "no look" fee amount of: | $2,800.00 | subject to filing of a normal |

**4.4** Other priority claims

The name, address and phone number of the holder of any domestic support obligation must also be listed separately on Schedule E and must be clearly identified as such so that the Trustee may send a separate notice as required.

☑ **None [If "None" is checked, the rest of § 4.4 need not be completed or reproduced]**

**4.5** Domestic support obligations assigned to a governmental unit and paid less than full amount

☑ **None [If "None" is checked, the rest of § 4.5 need not be completed or reproduced]**

## Part 5: Treatment of Non-priority Unsecured Claims

**5.1** Debtor(s) will pay to the trustee

Allowed non-priority unsecured claims that are not separately classified will be paid, pro rata, up to the full amount of the claims, as follows:

*Check Only One:*

☑ Percentage Plan       __43__% of the total amount of these claims; unless a greater amount is required under § 2 of the plan;

☐ Pot Plan        The sum of $____, with a minimum dividend of $____, unless a greater amount is required under § 2 of the plan;

If the estate of the debtor(s) were liquidated under chapter 7 non-priority unsecured claims would be paid approximately 3%. Payments on allowed non-priority unsecured claims will not be less than this amount.

**5.2** Separately classified non-priority unsecured claims

☑ **None [If "None" is checked, the rest of § 5.2 need not be completed or reproduced]**

**5.3** Interest

☑ Not be paid.

☐ This is a solvent estate; all general unsecured claims shall paid in full with interest.

Interest rates in this plan based on Till shall be 2.0 points over the Wall Street Journal prime rate, as of the petition date.

## Part 6: Executory Contracts and Unexpired Leases

**6.1** All executory contracts and unexpired leases are rejected, except those listed below, which are assumed and will be treated as provided for below or under another specified provision of the plan.
☑ **None [If "None" is checked, the rest of § 6.1 need not be completed or reproduced]**

## Part 7: Order of Distribution of Trustee Payments

Revision 10/13/2015
Software Copyright (c) 1996-2015 Best Case, LLC - www.bestcase.com

Chapter 13 Plan

Page 4
Best Case Bankruptcy

15-12300 - #5  File 12/18/15  Enter 12/18/15 11:30:15  Main Document   Pg 4 of 6

**7.1** The trustee will make payments in the following order:

a. Trustee's fees b. Pre-confirmation adequate protection payments. c. Conduit mortgage payments. d. Appraisal fees, other administrative expenses and debtor(s) pre and post confirmation attorney's fees in the monthly amounts set in § 4.3. e. Other secured creditors (non arrears) and executory contracts. f. Specially classified debts. g. Arrearage claims h. Priority debts. i. Unsecured debts and any other debt. The Trustee has the discretion to calculate the amount and timing of distributions as is administratively efficient.

## Part 8: Vesting of Property of the Estate

**8.1** Property of the estate shall re-vest in the debtor(s) upon

*Check the applicable box*

☑ Plan confirmation

☐ Discharge, Dismissal or Conversion of the Case.

In a *joint case*, the estate will be consolidated for administrative purposes.

## Part 9: Other Plan Provisions

**9.1** Adequate protection plan disbursements

Debtor shall pay adequate protection payments and/or lease payments specified in 11 U.S.C. § 1326(a)(1)(B) and (C) and as scheduled in the Plan to the Trustee. If the case is dismissed, the Trustee shall disburse these adequate protection payments to the creditor for each 30 day period the case is pending.

The Trustee shall make these adequate protection disbursements with the first disbursement after confirmation. The creditor must file a proof of claim. Adequate protection payments shall be 1.25% of the value of the collateral.

| Name of Creditor | Collateral | Value | Monthly Payment |
| --- | --- | --- | --- |
| Toyota Motor Credit | 2015 Lexus RX350 21,000 miles | $37,775.00 | $472.19 |

To the extent that this paragraph duplicates Part 3.1, 3.2, 3.3 or 6.1, monthly payments proposed for secured claims in Part 3.1, 3.2, 3.3 or 6.1 supplant these monthly adequate protection payments.

**9.2** Administrative Expense Claims

Fees for independent appraisals of real estate and utility deposits will be paid as administrative expenses pursuant to §503 upon the timely filing of a proof of claim. The Trustee may pay in one lump sum any administrative claim that is less than $500.00.

**9.3** Post-petition claims and/or additional creditors

Post-petition claims which are allowed and upon which creditors file a proof of claim shall be paid the same percentage as prepetition claims, upon discretion of the Trustee, which shall represent payment in full to the creditor, unless the Court orders otherwise. Debtor may file a motion to remove or add any creditor to the Plan.

**9.4** Changed circumstances, claims, windfalls

Debtor shall fully and timely disclose to the Trustee any change in marital status, domestic support obligations, employment, address, or financial recovery to which Debtor becomes entitled, including without limitation claims for personal injury, employment, workers' compensation, unemployment compensation, inheritance, life insurance, lottery proceeds, or property settlements. Debtor must comply with all requirements for filing applications and motions for settlement with the Court as required by the Bankruptcy Code and Local Bankruptcy Rules. These funds shall be treated as additional Plan payments or as the Court so otherwise orders.

**9.5** Casualty loss and substitution of collateral

All insurance proceeds must be turned over to the Trustee unless Debtor files a motion to retain proceeds. If a motor vehicle is substantially damaged while there is still an unpaid claim which is secured by the vehicle, Debtor, upon motion and order, shall have the option of using the insurance proceeds to either repair the vehicle, pay off the balance of the secured claims if the secured creditor is a named loss payee on the policy or substitute collateral by purchasing a replacement vehicle. Unless the Court orders otherwise, the Trustee will continue to pay the secured claim.

**9.6** Post-petition debt

Debtor shall not incur any non-emergency consumer debt in excess of $1,000 without Trustee and/or Court approval.

**9.7** Disbursement following dismissal/conversion

If a case is converted to Chapter 7, then all undisbursed funds held by the Chapter 13 Trustee should be returned to the debtor pursuant to *Harris v. Viegelahn*, 2015 WL 2340847. If a case is dismissed, then all undisbursed funds held by the Chapter 13 Trustee shall be returned to the debtor, except as ordered by the Court, for other cause, pursuant to standing order or 11 U.S.C. § 349(b)(3) and 11 U.S.C. § 1326(a)(2). Applications for compensation in a dismissed case must be filed within 14 days of the date of entry of the dismissal order.

| Part 9(b): | Nonstandard Plan Provisions |
| --- | --- |

Under Bankruptcy Rule 3015(c), nonstandard provisions are required to be set forth below. **These plan provisions will be effective only if the applicable box in Part 1 of this plan is checked.**

| Part 10: | Signatures |
| --- | --- |

The debtor's attorney (or debtor, if not represented by an attorney) certifies that all provisions of this plan are identical to the Mandatory Chapter 13 Form Plan, except for language contained in Part 9(b): Nonstandard Plan Provisions.

| Debtors | X | /s/ Taylor E. Shepherd | Date | December 18, 2015 |
| --- | --- | --- | --- | --- |
| | | Taylor E. Shepherd | | |
| | | Signature of Debtor | | |
| | X | | Date | |
| | | Signature of Debtor | | |
| Debtor's Attorney | X | /s/ Kelli R. Cook | Date | December 18, 2015 |
| | | Signature of Debtor's Attorney | | |

Debtors' Attorney Name: Kelli R. Cook
Firm Name: The Cook Law Firm
Address: A Professional Law Corporation
City/State/Zip: 4070 Highway 80
Haughton, LA 71037
Phone: 318-949-5999
Email: robert@cook4law.com

Revision 10/13/2015
Software Copyright (c) 1996-2015 Best Case, LLC - www.bestcase.com

Chapter 13 Plan

Page 6
Best Case Bankruptcy

15-12300 - #5  File 12/18/15  Enter 12/18/15 11:30:15  Main Document  Pg 6 of 6